IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD JOHNSON, JR., § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:15-CV-3945-P-BK |
| § | | |
| DALLAS SHERIFF DEPARTMENT, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, the petition should be summarily dismissed.

**I. BACKGROUND**

On December 11, 2015, Petitioner, a pretrial detainee confined at the Dallas County Jail, filed a petition for writ of habeas corpus, challenging manslaughter charges pending in *State v. Johnson*, Nos. F14-00563 and F14-00564 (Criminal District Court No. 6, Dallas County). Doc. 3 at 2; Doc. 8 at 1. He asserts constitutional violations stemming from the denial of an examining trial and an indictment, and the failure to provide a speedy trial. Doc. 3 at 5-7.

**II. ANALYSIS**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts (providing for summary dismissal of a habeas petition).¹

In light of his *pro se* status, the Court liberally construes the petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *See* Hartfield v. Osborne, --- F.3d ----, 2015 WL 9213859, at *4 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief.  *See Dickerson*, 816 F.2d at 224.  This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals.  *Davis v. Valdez*, No. 3:08-CV-2116-G, 2009 WL 111648, *1 (N.D. Tex. 2009) (collecting cases).

Moreover, after an indictment has been returned, the proper method for challenging the denial of the right to a speedy trial is by filing a motion to set aside the indictment under Texas Code of Criminal Procedure Article 27.03.  *Smith v. Gohmert*, 962 S.W.2d 590, 592-93 (Tex. Crim. App. 1998).  If the trial court denies the motion, the defendant may appeal that ruling post-conviction.  *Id.* at 592.  Speedy trial violations are appropriate for review on post-conviction appeal, but not in pretrial habeas applications.  *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

Petitioner has not exhausted his speedy trial claim.  In answer to the Court's questionnaire, he concedes filing only a motion to dismiss with the trial court, claiming the denial of a speedy trial.  Doc. 8 at 2 (Answer to Question 3); *State v. Johnson*, Nos. F14-00563

---

¹ Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered by section 2254.

and F14-00564, *Nov. 19, 2015 Motions to Quash Indictment and for Denial of Speedy Trial* (Criminal District Court No. 6, Dallas County), *filed as pro se correspondence and available at* http://courtecom.dallascounty.org/pav/.  Accordingly, his speedy trial claim should be dismissed without prejudice for failure to exhaust state court remedies.[2]

Neither of Petitioner's remaining grounds presents a federal constitutional claim.[3] Contrary to Petitioner's assertions, Dallas County records reveal that on October 22, 2014, indictments were filed in both cases.  *State v. Johnson*, No. F14-00563 (Criminal District Court No. 6, Dallas County); *State v. Johnson*, No. F14-00564 (Criminal District Court No. 6, Dallas County, *available online at* http://courtecom.dallascounty.org/pav/.  In addition, the United States Constitution does not guarantee either a preliminary hearing or an examining trial before indictment.  *See Siwakowski v. Beto*, 455 F.2d 915, 917 (5th Cir. 1972) (per curiam) (holding referral of case to grand jury without an examining trial was constitutionally permissible); *Richardson v. State of Texas*, 425 F.2d 1372, 1373 (5th Cir. 1970) (examining trial is creation of state law, denial of which presents no federal question).  Moreover, under Texas law, a defendant loses his right to an examining trial upon the return of an indictment.  *See Tarpley v. Estelle*, 703 F.2d 157, 162 (5th Cir. 1983) ("the return of a true bill by the grand jury satisfies the principal purpose and justification for such a preliminary hearing--that there is probable cause to believe

---

[2] While pretrial mandamus relief is available from the Texas Court of Criminal Appeals to enforce the right to a speedy trial, Petitioner does not allege that he filed a petition for writ of mandamus.  *See Chapman v. Evans*, 744 S.W.2d 133, 137-138 (Tex. Crim. App. 1988) (granting request for a writ of mandamus to compel the trial court to set his case for trial); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-847 (Tex. Crim. App. 1978) (Texas Court of Criminal Appeals has authority to issue writs of mandamus to compel a speedy trial in a criminal case).

[3] Even though these claims are also unexhausted, the Court can deny them on the merits.  *Cf.* 28 U.S.C. § 2254(b)(2) (a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

the accused committed the crime charged").[4]  Because Petitioner cannot show that his confinement violates the United States Constitution, his claims relating to the alleged failure to indict and hold an examining trial should be summarily dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** as to the speedy trial claim for failure to exhaust state court remedies, and **DISMISSED WITH PREJUDICE** as to the remaining claims for the reasons stated above.

SIGNED January 19, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Texas Code of Criminal Procedure Art. 16.01 provides that "[t]he accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense . . . ."

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE